FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 02 2012 ★
BROOKLYN OFFICE

D/F

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
BLAKE WINGATE,                                                      :   11-CV-1000 (ARR)
                                                                    :
                    Plaintiff,                                      :
                                                                    :   NOT FOR ELECTRONIC
        -against-                                                   :   OR PRINT PUBLICATION
                                                                    :
Police Officer TAMMYE DEAS 12650;                                   :   ORDER & OPINION
Detective THOMAS CARLOS 6451                                        :
Sergeant GLEMAUD FRITZ, Supervisor;                                 :
Detective 3rd Grade SCHILLING CHR.;                                 :
JOHN and JANE DOE Officers for arrest                               X
under 2010kn087812; POM PATRICK J.
DIMASI 30314; Sergeant MASIN REID,
Supervisor; POF FOSTER FISHER;
Police Officer WANDA GOWINS;
DOTRES DIEGO Officer 12213;
JOHN and JANE DOE Officers for arrest
under 2010kn085819; Detective JORGE
MOREL 7029; Sergeant CLAUDI
RAMIREZ, Supervisor; Undercover
COO92; POM TIERNAN VINCE,
Invoicing Detective DOTRES 12217;
JOHN and JANE DOE Officers for arrest
under 2010kn082485, all personally and
in capacity of office,

                    Defendants.
-------------------------------------------------------------------
```

ROSS, United States District Judge:

On February 7, 2011, Blake Wingate ("plaintiff") filed this pro se action pursuant to 42 U.S.C. § 1983, seeking damages and injunctive relief for three alleged false arrests. By order dated April 4, 2011, the court granted plaintiff leave to proceed in forma pauperis, dismissed the complaint as against two named defendants for failure to state a claim pursuant to 28 U.S.C. § 1915A(b), and permitted the complaint to proceed against the remaining defendants. Dkt. No. 5. The action was temporarily stayed pending the resolution of plaintiff's criminal prosecution in

1

state court. Dkt. No. 12. Corporation Counsel for the New York City Law Department ("Corporation Counsel") has now moved to dismiss the complaint in its entirety. For the reasons discussed below, Corporation Counsel's motion is granted, and the complaint is dismissed with prejudice.

## BACKGROUND[1]

Plaintiff alleges he was falsely arrested for the possession and sale of illegal substances, under indictment numbers 2010KN087812, 2010KN085819, and 2010KN082485. Plaintiff argues that he is being targeted by police because "Mayor Bloomberg has pushed for Quality of life arrests and for quota arrests to such a degree that it has caused the police to make false reports to cover for their arrests." Compl. at ¶ IV.

The indictments numbers stem from plaintiff's October 16, October 17, and November 3, 2010 arrests for the Criminal Sale of a Controlled Substance in the Third Degree (New York Penal Law § 220.39 01) and/or the Criminal Possession of a Controlled Substance in the Seventh Degree (New York Penal Law § 220.03 00). Declaration of Erin Ferrell in Support of Motion to Dismiss ("Ferrell Decl."), Exs. C, D, E. On January 31, 2011, charges arising from plaintiff's October 16 and October 27, 2010 arrests (indictments numbers 2010KN082485 and 2010KN085819, respectively) were consolidated with charges stemming from his November 3, 2010 arrest (indictment number 2010KN087812). Id., Ex. F.

On February 23, 2011, plaintiff pled guilty to a class A misdemeanor in connection with the consolidated charges stemming from the three arrests he challenges in the instant suit. Id., Ex. G.

---

[1] The facts are taken from the well-pleaded allegations of the complaint as well as documents that are integral to the complaint or part of the public record. In this regard, the court grants Corporation Counsel's request that it take judicial notice of plaintiff's arrest reports and certificates of disposition. See Canessa v. County of Suffolk, No. 09-CV-3256, 2010 U.S. Dist. LEXIS 35905, at *1-2 (E.D.N.Y. Apr. 10, 2010) (taking judicial notice of arrest record).

## DISCUSSION

I. <u>Standard of Review</u>

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2d Cir. 2009). Although still subject to the facial probability standard, a <u>pro se</u> complaint must be construed liberally and is held to less stringent standards than pleadings drafted by lawyers. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>see</u> <u>Graham v. Henderson</u>, 89 F.3d 75, 79 (2d Cir. 1996); <u>Hidalgo v. Kikendall</u>, No. 09-Civ-7536, 2009 U.S. Dist. LEXIS 66020, at *7-8 (S.D.N.Y. July 22, 2009).

In considering a Rule 12(b)(6) motion to dismiss, a court is usually restricted to reviewing only the allegations in the complaint. However, "[i]n certain circumstances, the court may permissibly consider documents other than the complaint in ruling on a motion under Rule 12(b)(6)." <u>Roth v. Jennings</u>, 489 F.3d 499, 509 (2d Cir. 2007). Namely, it may consider documents that are attached to the complaint or incorporated by reference, as well as documents upon which the complaint solely relies and is integral to the complaint. <u>Id.</u>;. <u>Youssef v. Halcrow, Inc.</u>, No. 11-Civ.-2283, 2011 U.S. Dist. LEXIS 127638 (S.D.N.Y. Nov. 1, 2011). The court may also deem a complaint to include "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." <u>Rothman v. Gregor</u>, 220 F.3d 81, 88 (2d Cir. 2000). Additionally, "a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6)," <u>Pani v. Empire Blue Cross Blue Shield</u>, 152 F.3d 67, 75 (2d Cir. 1998), and may take judicial notice of documents filed in other courts, <u>Kramer v. Time Warner,</u>

3

Inc., 937 F.2d 767, 774 (2d Cir. N.Y. 1991).

II.   Plaintiff Cannot Maintain an Action for False Arrest

A § 1983 claim for false arrest requires proof of four elements: (1) the defendant intentionally confined plaintiff, (2) plaintiff was conscious of the confinement, (3) plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged. See Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003); Harris v. County of Nassau, 581 F.Supp.2d 351, 354-55 (E.D.N.Y. 2008); Broughton v. State, 37 N.Y.2d 451, 456 (1975). If probable cause exists at the time of arrest, the confinement is privileged. Jocks, 316 F.3d at 135; Martinez v. City of New York, 340 Fed. Appx. 700, 701 (2d Cir. 2009). Thus, the existence of probable cause constitutes a complete defense to a false-arrest claim. Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999).

A "plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested." Cameron v. Fogarty, 806 F.2d 380, 388 (1986); see also, Ostroski v. Town of Southold, 443 F. Supp. 2d 325, 335 (E.D.N.Y. 2006) ("[T]he existence of probable cause as a matter of law as to some of the crimes that [plaintiff] was charged on the day of her arrest legitimized the seizure of her person and her subsequent detention."). "The application of this policy is most appropriate where . . . the conviction resulted from a voluntary plea of guilty." Pouncey v. Ryan, 396 F. Supp. 126, 127 (D. Conn. 1975). A claim for false arrest is barred even where the civil rights plaintiff pleaded guilty to a lesser charge pursuant to a plea agreement that dismissed the charges for which plaintiff was arrested. Hope v. City of New York, 2010 WL 331678, at *2 (E.D.N.Y. Jan. 22, 2010) ("A valid prosecution resulting in conviction is conclusive evidence that probable cause existed for an arrest, even if the conviction is the result of a guilty plea to a lesser charge than that for which plaintiff was arrested.");

4

Roundtree v. City of New York, 778 F. Supp. 614, 619-20 (E.D.N.Y. 1991) (holding that guilty plea of disorderly conduct when plaintiff was arrested for possession of cocaine barred § 1983 claim).

In this case, plaintiff pled guilty to violating New York Penal Law § 110-220.03 in satisfaction of the crimes for which he was arrested and charged. Ferrell Decl., Ex G. Plaintiff's guilty plea to this misdemeanor, even if different from the charges for which he was arrested, necessarily "precludes recovery under § 1983 for false arrest since it establishes that probable cause existed at the time of the arrest." Allison v. Farrell, NO. 97-CV-2247 (DAB), 2002 WL 88380, at *4 (S.D.N.Y. Jan. 22, 2002); see also McFadden v. New York, No. 10–CV–141 (RRM)(CLP), 2011 WL 6813194, at * 4 (E.D.N.Y. Dec. 28, 2011) ("[T]hat plaintiff was ultimately convicted of a lesser charge than that for which he was arrested has been uniformly rejected by courts in this Circuit as the basis for claims of false arrest and malicious prosecution."). Plaintiff therefore cannot recover, and his complaint is properly dismissed.

## CONCLUSION

Plaintiff's complaint is dismissed with prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this order would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
Allyne R. Ross
United States District Judge

Dated: April 2, 2012
Brooklyn, New York

SERVICE LIST:

**Plaintiff:**

Blake Wingate
P.O. Box 638
New York, NY 10028